**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-02395-KMT

MARK STEVEN WHITE BULL JR.,

Plaintiff,

v.

G. JENSEN (Badge #1422),
R. ULIBARRI (Badge #2285), and
JEFFERSON COUNTY SHERIFF'S OFFICE CHIEF ROBERT REARDON,

Defendants.

**MOTION TO DISMISS PRISONER COMPLAINT [ECF NO. 1]**

Defendants Chief Robert Reardon and Deputy Geir Jensen ("Chief Reardon" and "Dep. Jensen," respectively; collectively "Defendants"), by and through the Jefferson County Attorney and Assistant County Attorneys Rebecca Klymkowsky and Rachel Bender, hereby move to dismiss Plaintiff Mark Steven White Bull Jr.'s Prisoner Complaint (the "Complaint") [ECF No. 1] pursuant to FED. R. CIV. P. 12(b)(6). In support, Defendants state as follows:

**D.C.COLO.LCivR 7.1 Certification**

Conferral is not required because this is a motion under FED. R. CIV. P. 12, and because Plaintiff is an unrepresented prisoner.

**Background**

Plaintiff alleges that he is a member of the Standing Rock Sioux Tribe and that, as part of his exercise of his Lakota Spirituality/Religion, he kept spirit plates containing food in his jail cell while at the Jefferson County Detention Facility (the "JCDF"). (ECF No. 1 at 4, 10, 14.)

Plaintiff further alleges that he had made an arrangement with the JCDF chaplain to pick up the food from the spirit plates from Plaintiff's cell and take it to an undisclosed location in the wilderness whenever Plaintiff sent the chaplain a kite. (*Id.* at 4.) This case arises out of Plaintiff's contention that Dep. Jensen and former Dep. Ulibarri threw his prayer offerings or spirit plates in the trash during an inspection of his cell. (*Id.* at 10, 13.) Plaintiff argues that this isolated incident improperly burdened his religious practice (*id.* at 10), even though the deputies returned some of the offerings to him while others were lost in the trash (*id.* at 14). Plaintiff was a pretrial detainee at the JCDF when he filed his Complaint (*id.* at 2); following a plea agreement and sentencing, he now resides at Intervention Community Corrections Services (*see* Notice of Change of Address [ECF No. 6]).

While Plaintiff set forth numerous claims in his Complaint arising out of this incident, Judge Babcock issued an Order [ECF No. 12] dismissing many of those claims as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and dismissing other claims based on Plaintiff's failure to comply with FED. R. CIV. P. 8. As a result, the only remaining claims are a First Amendment free exercise claim against Dep. Jensen and former Dep. Ulibarri in their individual capacities (Second Claim for Relief), and a Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim against Chief Reardon in his official capacity (Fourth Claim for Relief). (ECF No. 1 at 10, 13-14; ECF No. 12 at 2.) Plaintiff seeks punitive damages as well as injunctive relief. (ECF No. 1 at 6.)

The Court must dismiss this case because Plaintiff's allegations fail to state claims upon which relief may be granted. Additionally, Dep. Jensen is entitled to qualified immunity with regard to Plaintiff's First Amendment free exercise claim and Plaintiff's requests for injunctive

relief are moot. Finally, Plaintiff's request for damages is barred by the Prison Litigation Reform Act ("PLRA"), codified at 42 U.S.C. § 1997e, to the extent he seeks compensatory damages.

## Standard of Review

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a complaint challenged by a Rule 12(b)(b) motion to dismiss does not need to set forth detailed factual allegations, a plaintiff must set forth the grounds of his or her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (requiring plaintiff to allege more than a threadbare recital "of the elements of a cause of action, supported by mere conclusory statements" to survive a motion to dismiss). "Plausible" cannot mean "likely to be true," but rather "must refer to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

**Argument**

I. **Plaintiff fails to set forth sufficient allegations to state a First Amendment free exercise violation or a RLUIPA violation.**

To prevail on a free exercise claim under the First Amendment, plaintiff "must adequately allege that the defendants 'substantially burdened [his] sincerely held religious beliefs.'"[1] *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (quoting *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)). Similarly, to succeed on a RLUIPA claim, Plaintiff must demonstrate that "he wishes to engage in (1) a religious exercise (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government."[2] *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312 (10th Cir. 2010) (citing 42 U.S.C § 2000ee-1(a)). It is Plaintiff's burden to allege sufficient facts to support claims for relief which are plausible on their face. *Twombly*, 550 U.S. at 555; *Robbins*, 519 F.3d at 1247; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). Because both a First Amendment free exercise claim and a RLUIPA claim require Plaintiff to set forth sufficient factual allegations to show that Defendants substantially burdened his religious exercise, Defendants address these claims in tandem.

Not "every infringement on a religious exercise will constitute a substantial burden," *Abdulhaseeb*, 600 F.3d at 1316, in violation of the First Amendment's free exercise clause or RLUIPA. Notably, an isolated act of negligence does not violate an inmate's right to free

---

[1] Although a free exercise claim in the jail setting typically consists of a two-step inquiry, *Kay*, 500 F.3d at 1218, this Motion to Dismiss focuses solely on the first step of the inquiry and does not address the second, which is whether there are legitimate penological interests that justified the conduct that impinged upon the inmate's religious beliefs.

[2] Like the free exercise claim, a RLUIPA claim consists of a two-part inquiry of sorts, the second of which examines whether the burden imposed is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest. 42 U.S.C. § 2000cc-1(a). Given Plaintiff's clear failure to satisfy the first part of the inquiry, the Motion to Dismiss does not reach this second element.

exercise of religion. *Gallagher*, 587 F.3d at 1070 (citing *Lovelace v. Lee,* 472 F.3d 174, 201 (4th Cir.2006) ("[Plaintiff] must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983.")). In *Gallagher*, the Tenth Circuit held that prison staff's failure to timely approve a few of the inmate's requests for religious accommodations, while timely approving the other requests, were isolated acts of negligence that did not violate the inmate's First Amendment right to free exercise of religion. *Id.* Similarly, in *Abdulhaseeb*, the Tenth Circuit affirmed dismissal of one of the inmate's RLUIPA claims on grounds that presentation of foods that an inmate considers impermissible in his religious practice on one occasion does not substantially burden the inmate's religious exercise. 600 F.3d at 1321 (citing *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999), for the holding that the unavailability of pork-free meals on three out of 810 occasions is a "de minimis burden" on inmate's free exercise of religion)). Finally, this Court has previously held that an inmate's allegation that he was denied a spoon on one occasion was an isolated act of negligence, and the inmate's failure to state "specific facts showing he repeatedly requested and was denied disposable eating utensils by ACDF staff which would comply with his religious dictates" failed to set forth a First Amendment claim. *Nasious v. Robinson*, Civil Action No. 08-cv-00262-CMA-KMT, 2010 WL 1268135, at *10 (D. Colo. Feb. 17, 2010).[3]

Here, Plaintiff fails to set forth sufficient factual allegations to establish his First Amendment free exercise claim or his RLUIPA claim. Plaintiff alleges that Dep. Jensen and former Dep. Ulibarri threw his prayer offerings or spirit plates in the trash during an inspection of his cell on one occasion. (ECF No. 1 at 10, 13.) However, Plaintiff also alleges that he was

---

[3] Pursuant to D.C.COLO.LCivR 7.1(e), copies of all unpublished opinions cited herein are provided to Plaintiff.

otherwise permitted to keep his spirit plates and had an arrangement wherein he would send kites to the jail chaplain, who would pick up the food from his spirit plates and take it to an undisclosed location in the wilderness following each such request. (*Id.* at 4.) Thus, this isolated incident, like those in *Gallagher*, *Abdulhaseeb*, and *Nasious*, was a de minimis burden on Plaintiff's religious exercise rights given that Plaintiff was otherwise able to engage in his religious practice of keeping spirit plates and having the jail chaplain take the food offerings to the wilderness.

Moreover, while Plaintiff alleges that some of the offerings spilled into the trash and presumably could not be recovered due to the deputies' negligence, Plaintiff affirmatively alleges that the deputies returned the offerings that they were able to recover to Plaintiff after Plaintiff explained his religious accommodation to the deputies. (ECF No. 1 at 10, 13-14.) The deputies' mistaken understanding regarding Plaintiff's religious practices on this one occasion does not support Plaintiff's claims and the deputies' efforts to correct their mistake further supports a finding that Plaintiff has failed to establish a constitutional violation. *See, e.g.*, *Tenison v. Byrd*, 826 F. App'x 682, 693 (10th Cir. 2020) (finding temporary suspension of inmate's religious diet, resulting from mistaken belief inmate violated religious diet agreement, was isolated act of negligence that does not support constitutional claim, on top of which prison official took steps to correct when he learned of mistake).

Finally, to the extent that liability for the deputies' action could be vicariously imposed upon Chief Reardon, the fact that this incident was an isolated act of negligence that did not substantially burden Plaintiff's religious exercise leads inexorably to the conclusion that Plaintiff has likewise failed to state a RLUIPA claim against Chief Reardon in his official capacity. *See*

*Lovelace,* 472 F.3d at 194 (concluding negligence "does not suffice to meet the fault requirement under section 3 of RLUIPA"). In a similar vein, the Complaint's lack of allegations that there was a jail policy or practice that substantially burdened Plaintiff's religious practice—as opposed to this isolated incident—means that Plaintiff has failed to state a RLUIPA claim. *Cf.* 42 U.S.C. § 2000cc-3(e) (providing that "[a] government may avoid the preemptive force" of RLUIPA by eliminating the substantial burden imposed by a policy or practice, including "by changing the policy or practice" or "by providing exemptions from the policy or practice"); *Holt v. Hobbs*, 574 U.S 352, 361 (2015) (holding petitioner "bore the burden of proving that the Department's grooming policy substantially burdened [his] exercise of religion" in order to establish a RULIPA claim).

For the reasons set forth herein, Plaintiff has failed to set forth sufficient factual allegations to show that this isolated mistake substantially burdened his religious exercise. Accordingly, Plaintiff has failed to state a First Amendment free exercise claim against Dep. Jensen or a RLUIPA claim against Chief Reardon in his official capacity.

**II.    Dep. Jensen is entitled to qualified immunity as to Plaintiff's First Amendment free exercise claim.**

Because he is named in his individual capacity, Dep. Jensen is entitled to qualified immunity on the First Amendment free exercise claim unless his conduct violated a clearly established constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). "[W]hen a defendant advances a qualified-immunity defense, this trigger[s] a well-settled twofold burden that the plaintiff must bear. That burden requires the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Clark v. Bowcutt*, 675 F. App'x 799, 805 (10th Cir. 2017) (quotations and internal citations omitted).

"This is a heavy burden. If the plaintiff fails to satisfy either part of the inquiry, the court must grant qualified immunity." *Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1208 (10th Cir. 2017). Courts have discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

As discussed in the immediately preceding section, Plaintiff has failed to set forth sufficient factual allegations to show that Dep. Jensen substantially burdened his religious exercise and, therefore, Plaintiff has failed to show that Dep. Jensen violated his First Amendment free exercise rights. On this ground alone, Dep. Jensen is entitled to qualified immunity. However, Dep. Jensen is also entitled to qualified immunity on grounds that Plaintiff cannot show that the right he alleged was violated is clearly established.

"In this circuit, to show that a right is clearly established, the plaintiff must point to a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Farrell v. Montoya*, 878 F.3d 933, 936 (10th Cir. 2017) (quotations, internal citations omitted).

> It is not enough for the Plaintiff to cite cases showing that inmates retain protections guaranteed by the First Amendment. To define the subject right, an additional level of specificity is required. *See Stewart v. Beach,* 701 F.3d 1322, 1330–31 ("[A] more precise definition does not lead to an overreliance on factual similarity but to a proper reliance.")

*Said v. Teller Cty.*, No. 14-CV-02745-RPM, 2015 WL 1598098, at *5 (D. Colo. Apr. 9, 2015) (internal citations standardized).

Here, Plaintiff alleges that the deputies' mistaken removal of his spirit plates, which contained old food, from his jail cell on one occasion violated his First Amendment free exercise

8

rights. This First Amendment right claimed by Plaintiff was not clearly established at the time of the alleged violation. Accordingly, Dep. Jensen is entitled to qualified immunity.

### III.     Plaintiff's requests for injunctive relief are moot.

In the Complaint, Plaintiff requests various forms of injunctive relief. (ECF No. 1 at 6.) The Tenth Circuit has previously explained requests for injunctive relief related to conditions of confinement at a particular facility are mooted when an inmate is transferred or released:

> Where the prisoner's claims for declaratory or injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with effective relief. Because a prisoner's transfer or release "signal[s] the end of the alleged deprivation of his constitutional rights," *McKinnon v. Talladega Cty., Ala.,* 745 F.2d 1360, 1362 (11th Cir. 1984), an entry of equitable relief in his favor "would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him." *Green v. Branson,* 108 F.3d 1296, 1300 (10th Cir. 1997). Consequently, courts have routinely dismissed such penitentiary-specific conditions-of-confinement claims as moot. *See Sossamon v. Texas,* ––– U.S. ––––, 131 S. Ct. 1651, 1669 (2011) ("A number of ... suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *accord Abdulhaseeb,* 600 F.3d at 1311, *cert. denied,* ––– U.S. ––––, 131 S. Ct. 469, (2010); *Green,* 108 F.3d at 1300; *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A] prisoner's claim for injunctive relief is moot if he or she is no longer subject to those conditions."); *see also Edwards v. Johnson,* 209 F.3d 772, 776 (5th Cir. 2000) (concluding that plaintiff's "claims for injunctive relief to correct procedures and practices at [the Federal Detention Center in Oakdale, Louisiana] facility [were] moot" because he had subsequently been transferred out of that facility).

*Jordan v. Sosa*, 654 F.3d 1012, 1027–28 (10th Cir. 2011) (internal citations standardized); *see also Said*, 2015 WL 1598098, at *4 (finding inmate's transfer from Teller County Detention Center rendered requests for religion-based injunctive relief concerning that facility moot). Accordingly, Plaintiff's requests for injunctive relief here are moot now that he is no longer incarcerated at the JCDF. (*See* ECF No. 6 (Plaintiff's Notice of Change of Address showing he

now resides at Intervention Community Corrections Services (*see* Notice of Change of Address).)

### IV. Plaintiff's request for damages is barred by the PLRA to the extent he seeks compensatory damages.

In the Complaint, Plaintiff identifies his damages solely as punitive damages. (ECF No. 1 at 6.) While the PLRA does not bar punitive damages, *Searles v. Van Bebber*, 251 F.3d 869, 880 (10th Cir. 2001), Plaintiff's requests for damages associated with pain, suffering, and emotional stress (ECF No. 1 at 6), are more appropriately categorized as compensatory damages, which are barred by the PLRA.

Under the PLRA, an inmate-litigant cannot bring a civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Tenth Circuit has held that Section 1997e(e) "limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Searles*, 251 F.3d at 876 (citing *Robison v. Page*, 170 F.3d 747, 748 (7th Cir. 1999)). "[A]ny claim for compensatory damages for mental or emotional injury fails as a matter of law pursuant to the PLRA." *Laratta v. Zavaras*, No. 09-CV-02498-REB-MEH, 2010 WL 3720116, at *10 (D. Colo. June 14, 2010), *report and recommendation adopted*, No. 09-CV-02498-REB-MEH, 2010 WL 3720087 (D. Colo. Sept. 13, 2010).

Here, the Complaint does not set forth any allegations of physical injury underlying Plaintiff's claims. The allegations related to mental and emotional injuries are not sufficient to support a request for compensatory damages under the PLRA. Because Plaintiff has not alleged any physical injury underlying his claims, the recovery-limiting provision of the PLRA bars his claim for damages to the extent he seeks compensatory damages.

**Conclusion**

WHEREFORE, Defendants respectfully request that the Court dismiss this case because Plaintiff has failed to state claims upon which relief may be granted, Dep. Jensen is entitled to qualified immunity with regard to the First Amendment free exercise claim, Plaintiff's requests for injunctive relief are moot, and the PLRA bars any request for compensatory damages.

Dated: March 17, 2021.                    JEFFERSON COUNTY ATTORNEY'S OFFICE

                                          By: */s/ Rachel Bender*
                                          Rebecca Klymkowsky, #41673
                                          Rachel Bender, #46228
                                          Assistant County Attorneys
                                          100 Jefferson County Parkway, Suite 5500
                                          Golden, Colorado 80419
                                          Telephone: 303.271.8932
                                          Facsimile: 303.271.8901
                                          rklymkow@jeffco.us
                                          rbender@jeffco.us
                                          *Attorneys for Chief Reardon and Dep. Jensen*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2021, I filed the foregoing MOTION TO DISMISS PRISONER COMPLAINT [ECF NO. 1] via CM/ECF and served a true and correct copy of the foregoing via U.S. Mail, postage prepaid, upon the following:

Mark Steven White Bull, Jr.
#P01134645
ICCS – Lakewood
1651 Kendall Street
Lakewood, CO 80214
*Plaintiff, pro se*

                                          */s/ Briana McCarten*

11